Eastern District of Kentucky
FILED
NOV - 6 2008
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-CV-167-DLB

RICHARD BURTON            PLAINTIFF

VS:        **MEMORANDUM OPINION AND ORDER**

OFFICER J. WEST, ET AL.            DEFENDANTS

Richard Burton is currently confined in the Little Sandy Correctional Complex which is located in Sandy Hook, Kentucky [See Record No. 5].[1] Burton has filed a civil rights complaint in which he asserts claims under 42. U.S.C. § 1983.

The Court screens this prisoner civil rights complaints pursuant to 28 U.S.C. § 1915. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Burton is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A district court has the authority to dismiss a case at any time if it determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

CLAIMS

Burton alleges that on September 17, 2007,Officer J. West, a police officer employed by

---

[1] When Burton filed this action on September 19, 2008, he was confined in the Luther Luckett Correctional Complex ("LLCC"), which is located in La Grange, Kentucky.

the Covington Police Department, beat him during the course of an arrest. Burton alleges that as a result his beating by Officer West, he sustained bodily injuries which required him to be taken to the hospital twice for treatment. Burton further alleged that Officer West bragged that he would "get away with" assaulting Burton, because he had done it before and that it would only be Burton's word against his. Burton's claim would fall under the Fourth Amendment of the United States Constitution, which prohibits unreasonable searches and seizures.

## NAMED DEFENDANTS

The named defendants are: (1) Officer J. West (Badge No. 0194) of the Covington Police Department; (2) the Covington Police Department; and (3) the City of Covington, Kentucky.

## RELIEF REQUESTED

Burton seeks compensatory damages in excess of $30,000. He also seeks an order directing that Covington Police Department remove Officer West from its police force.

## DISCUSSION
### 1. Claims Against the City of Covington

Burton has named the City of Covington as a defendant. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court "conclude[d] that a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory." *Id.* at 691.

*Monell* holds that there must be a direct causal link between a county policy and the alleged constitutional violation such that the county's deliberate conduct can be deemed the moving force behind the violation. *Id.* In order "[t]o establish municipal liability pursuant to §1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy

statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels.'" *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir.2003) (quoting *Monell*, 436 U.S. at 690-91), *cert. denied*, 541 U.S. 1041 (2004). *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292 (1986) ("A municipality may be held liable under §1983 for a rights violation when either the municipality had an unlawful policy or practice that caused the rights violation, or a municipal 'policymaker' directly caused the rights violation.").

Burton has not alleged a valid municipal liability claim against the City of Covington. While Burton clearly alleged that Officer West applied excessive force to him and thereby violated his Fourth Amendment right to be free from unreasonable seizure, he did not, however, allege that the City of Covington had a *policy or custom* in place which violated his rights.

According to *Monell*, the City of Covington is not liable for torts committed by one of its employees under the theory of *respondeat superior*. Instead, as explained, a plaintiff asserting a § 1983 claim on the basis of municipal custom or policy must identify the policy, connect the policy to the municipality itself, and show that the his injury was incurred because of the execution of that policy. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004).

Here, Burton made no such allegations. The claims against the City of Covington will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

3

## 2. Claims Against the Covington Police Department

Burton has named the Covington Police Department as a defendant in this proceeding. immunity. Section 1983, by its terms, holds liable only a "person," acting under color of state law, who subjects another person to the deprivation of his rights. 42 U.S.C. § 1983; *see also Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir.2005). Although the term "person" has been interpreted to include individuals and entities, courts have held that the term "person" does not include all individuals and entities.

For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate." *Brock v. Warren County, Tenn.*, 713 F. Supp. 238 (E. D. Tenn.1989) (ruling that a sheriff's department is not a "person" subject to suit); and *Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir.1991) (holding that a sheriff's department may not be sued under § 1983). Similarly, a "police department" is not an entity which may be sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994) (finding that the Jefferson County police department is not an entity capable of being sued under § 1983).

Burton does not allege that Officer West was employed by a county entity. He appears to allege that West was employed by the City of Covington. Again, if the "Covington Police Department" is creation of the City of Covington, the plaintiff has not alleged a claim against the City because he has failed to allege that his injuries were the result of an unconstitutional policy or custom, which is required under *Monell*. Burton has failed to state a claim against the "Covington Police Department." The claims against that entity will be dismissed for failure to state a claim upon which relief can be granted.

4

### 3. Claims Against Officer West

Burton's claims against Officer West, in his individual capacity, may proceed. Any construed claim against him in his official capacity may not proceed. Suits for monetary damages against state officials in their official capacity are precluded by the Eleventh Amendment. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L. Ed.2d 45 (1989). Any construed claims against Officer West, in his official capacity, will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### CONCLUSION

Accordingly, **IT IS SO ORDERED**:

(1) The plaintiff's claims against the City of Covington and the Covington Police Department are **DISMISSED WITH PREJUDICE**. The Clerk is directed to note in the CM/ECF docket sheet that the claims against these defendants are "terminated."

(2) The plaintiff's construed Fourth Amendment claims against Officer J. West in his official capacity are **DISMISSED WITH PREJUDICE**. The Clerk is directed to note in the CM/ECF docket sheet that the *official* capacity claims against West are "terminated."

(3) Defendant Officer J. West (Badge #0194), will be required to respond to the plaintiff's Fourth Amendment claim in his individual capacity

(4) The Covington Clerk is directed to issue summonses for Defendant Officer J. West (Badge #0194), in his individual capacity.

(5) The Covington Clerk's Office shall prepare as many copies of the complaint **and** copies of this Order as there are summonses issued and complete the requisite number of the

United States Marshals' Office ("USM") Form(s) 285.

 (a) If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding the defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

 (b) The Covington Clerk's Office shall forward to the USM by certified mail the following documents: (i) the summons issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; (iv) the requisite number of copies of this Order; and (v) any other documents necessary to effectuate service.

 (c) The Covington Deputy Clerk making the delivery of the summons and copies to the USM shall obtain from that office a receipt for the documents, which receipt shall be entered into the instant record by the Clerk.

 (d) The USM shall serve the documents specified in the preceding paragraph of this Order on the defendant to this action; service to be made by certified mail, return receipt requested, or by personal service at the option of the USM.

 (6) Within 40 days of the date of entry of this Order, the USM shall send a Service Report to the Covington Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished.

  a. For each defendant to be personally served, the Service Report shall indicate:

   i. that the defendant was successfully served personally; or

   ii. a statement explaining what efforts are being taken to locate the

       defendant and accomplish personal service.

   b. For each defendant who was to receive copies to be served by registered or certified mail, the Service Report shall include:

     i. the green mail receipt card showing proof of service; or

     ii. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

(7) The USM Office is responsible for ensuring that each defendant is personally served with process. In the event that an attempt at personal service upon the defendant is unsuccessful, the USM Office shall make further attempts or pursue other such information as is necessary to ensure successful service.

(8) The Covington Clerk is further directed to serve a copy of this Order on the Kentucky Department of Corrections, and to note the service in the docket sheet.

(9) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(10) For every further pleading or other document he wishes to submit to the Court for consideration, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. **The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.**

(11) **If a District Judge or Magistrate Judge receives any document which has not**

been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This **6th** day of November, 2008.

Signed By: