UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-CV-167-DLB

RICHARD BURTON                                                          PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

OFFICER J. WEST, ET AL.                                    DEFENDANTS

The Court considers two submissions filed by *pro se* Plaintiff Richard Burton: (1) the "Response" [Record No. 18] to the defendant's "Motion to Dismiss (Record No. 12)" and (2) the "Motion to Alter or Amend Judgment" [Record No. 19].[1]

Burton seeks relief, under Fed. R. Civ. P. 59(e), from the Memorandum, Opinion and Order ("the Opinion and Order") and Judgement entered in this action on January 23, 2009 [Record Nos. 16 and 17]. The Opinion and Order, and Judgment, dismissed Burton's remaining 42 U.S.C. § 1983 claims against Defendant J. West of the Covington Police Department.

PROCEDURAL HISTORY

The Court will not reiterate the procedural history of this civil rights action, as it is set forth in detail in the Opinion and Order. In the Opinion and Order, the Court determined that Burton filed no response to the "Motion to Dismiss" which counsel for Defendant West had filed in this action on December 12, 2008 [Record No. 12]. The Court noted that there was no indication that the copy of the "Motion to Dismiss," which counsel for West had certified he

---

[1] Burton is confined in the Little Sandy Correctional Complex ("LSCC") which is located in Sandy Hook, Kentucky [*See* Record No. 5].

mailed to Burton at the LSCC on December 16, 2008, had been returned in the mail as "undeliverable" for any reason.

Based upon Burton's failure to respond, the Court dismissed Burton's remaining individual capacity claims against Defendant West. In so doing, the Court cited the recent Sixth Circuit decision rendered in *Humphrey v. United States*, 2008 WL 2080512 (6th Cir. 2008) which authorizes a district court to dismiss an action where a plaintiff fails to respond to a dispositive motion. *Humphrey* cited the prior case of *Scott v. State of Tennessee*, 1989 WL 72470, at **2 (6th Cir. 1989) (unpublished disposition) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion."). The Court determined that by not responding to Defendant West's "Motion to Dismiss," Plaintiff Burton had waived objection to the motion.

PLAINTIFF'S CURRENT MOTIONS
1. "Response" [Record No. 18]

Burton has filed two pleadings in response to the dismissal of his claims against Defendant West. In his filing docketed as Record No. 18, Burton responds to the merits of the West's "Motion to Dismiss."

In the "Motion to Dismiss," Defendant West noted that the alleged event had transpired on **September 17, 2007**. West had argued that Burton's entire 42 U.S.C. § 1983 action was time-barred because it was filed on **September 19, 2008**. Defendant West argued that under Ky. Rev. Stat. 413.140(1)(a), Kentucky's one-year statute of limitations applicable to civil rights actions, Burton's complaint was time-barred by two days.

In his "Response" to West's "Motion to Dismiss," Burton argues that he should be excused from having filed his § 1983 complaint after September 17, 2008. He argues that his transfer among four different correctional facilities between September 17, 2007 and September 17, 2008 rendered him unable to file his complaint within the one-year period.[2]

Burton does not allege how long he was at any of the four correctional institutions. Additionally, he does not explain how his confinement in these different correctional facilities prevented him from mailing a civil rights complaint prior to September 17, 2008. He alleges only that not until September 17, 2008, after he was transferred to the Luther Luckett Correctional Complex, was he able to place his § 1983 complaint in that prison's mail system.

Burton argues that when he placed his § 1983 complaint in the Luther Luckett Correctional Complex mail system on September 17, 2008, he effectuated a timely "filing" the complaint under the prisoner mail box rule," set forth in *Houston v. Lack*, 487 U.S. 266, 275-276 (1988).[3] Burton attached a document from the Luther Luckett Correctional Complex, which is entitled "Inmate Bank Account Transaction" [Record No. 18-3]. That document reveals that on September 17, 2008, Burton incurred a postal charge of $1.34 [*Id.*].

---

[2] Burton states that between September 17, 2007 and September 17, 2008, he was confined in: (1) the Kenton County Jail; (2) the Roederer Correction Complex, located in LaGrange, Kentucky; (3) the LSCC ; and (4) the Luther Luckett Correctional Complex, located in LaGrange, Kentucky.

[3] Houston holds that a *pro se* prisoner's document is considered as "filed" when the prisoner delivers it to prison authorities for mailing. *Id.*

3

2. "Motion to Alter or Amend" [Record No. 19]

In this filing, Burton admitted that he received a copy of West's "Motion to Dismiss" [*See* Record No. 19, p. 1]. Burton argues that for two reasons, he should be excused from responding earlier to Defendant West's "Motion to Dismiss." First, he explains that upon receipt of Defendant West's "Motion to Dismiss," he had to begin investigating the validity of Defendant West's argument that his claims were time-barred. Burton states that he had to begin:

> "the steps to obtain documented verification showing that he had placed his claim in the institutional legal mail before his one year time limit had expired. This verification had to be obtained from the Luther Luckett Correctional Complex, where Plaintiff had placed his claim in the mail, and where Plaintiff is no longer a resident."

[Record No. 19, p. 1].

Second, Burton alleges that the "Waiver of Service of Summons" [Record No. 11] entitled him to additional time to respond to Defendant West's "Motion to Dismiss." According to Burton, the file "Waiver of Service of Summons":

> "informed Plaintiff that he had 60 days from 12/08/08 to file and serve an answer or motion, this would have given Plaintiff until February 6th or 7th, 2009, in which to have his response filed with the Honorable Court."

[*Id*., p.2].

### DISCUSSION
#### 1. Standards for Rule 59(e) Motion

Under Rule 59(e), there are three grounds for a court to amend its judgment. Amendment is warranted only if the movant shows "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003)

(citing *GenCorp v. AIU*, 178 F.3d 804, 834 (6th Cir. 1999)). Reconsideration may also be appropriate where the court fundamentally misapprehended the nature of the issues raised by the parties. *Cf. Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

However, a motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *See Smith v. Mt. Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). *See*, *e.g.*, *Prater v. Con-Rail*, 272 F. Supp. 2d 706, 710 (N.D. Ohio 2003) (denying reconsideration of order excluding physician's testimony, as movant could have presented evidence of his qualifications in opposing motion in limine but failed to do so). For the following reasons, the Court will not set aside the Opinion and Order in this case.

2. Application of Standards to Facts

Burton's argument - - that he placed his § 1983 complaint in the Luther Luckett Correctional Complex mail system on September 17, 2008- - misses the mark. While the postal document from that prison indicates that Burton did incur a $1.34 postal expense on September 17, 2008, and while the envelope in which Burton mailed his § 1983 complaint reveals that the cost to mail that complaint was $1.34 [*See* Complaint, Record No. 2, Attachment No. 3], that is not the issue before the Court. The issue before the Court is whether, under Fed. R. Civ. P. 59(e), Plaintiff Burton has demonstrated excusable neglect for having failed to respond earlier to Defendant West's "Motion to Dismiss."

Burton admits in his "Motion to Alter to Amend Judgment" that he received a copy of Defendant West's "Motion to Dismiss" filed on December 16, 2008. Burton therefore became aware of the existence of West's "statute of limitations" argument soon after December 16, 2008.

Clearly, Burton could have filed a motion in this action, between December 16, 2008 and January 23, 2009, advising the Court that he needed more time in which to collect information from the Luther Luckett Correctional Complex mailing room for the purpose of responding to West's statute of limitations argument. Burton took no action, until *after* the Court dismissed his remaining claims, to advise the Court *either* of the need to investigate the statute of limitations issue, or of his alleged inability to mail his § 1983 complaint prior to September 17, 2008.

Burton now disputes the factual and legal merits of West's statute of limitations defense. He did not, however, after receipt of West's motion, respond by seeking an extension of time in which to respond and contest the issue further. Burton has simply chosen to litigate his claims according to his own time-table.

The arguments which Burton now advances (that he was unable to mail his complaint prior to September 17, 2008 **and** that he was unable to obtain September 17, 2008, postal documentation from the Luther Luckett Correctional Complex) were known to him once he received Defendant West's "Motion to Dismiss" on or about December 16, 2008. Thus, these arguments were "previously available" to him to assert prior to dismissal of the action.

Burton's explanations do not amount to excusable neglect for his timely failure to respond to the "Motion to Dismiss." *See Rogalski v. Pramstaller*, 2008 WL 5102893, *1, (W. D. Mich., 2008) (where the plaintiff failed to respond in any substantive fashion to the Report and Recommendation thirty-four days after it was entered, the plaintiff failed to show any

excusable neglect for his failure to respond under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure); *See GenCorp v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007) (grounds for relief permitted under Rule 60(b) "relate to, if not require, new information about the case that could not reasonably have been discovered earlier.").

Finally, Burton completely misconstrues the effect of the filing of the "Waiver of Service of Summons" [Record No. 11]. The filing of the "Waiver" by Defendant West's counsel afforded counsel for **Defendant West** sixty days from December 8, 2008, in which to file an answer or responsive pleading to the Complaint. *See* Fed. R. Civ. P. 12 (a)(1)(A) (ii),.[4] That document did not, in any manner, affect or control the time-frame for Burton to file a response to West's "Motion to Dismiss." As discussed in the Opinion and Order, under the Joint Local Rules of this Court, Burton had fifteen (15) days in which to file a response to the motion.

Thus, Burton is simply incorrect in his assertion that he had until "February 6th or 7th, 2009" in which to respond to West's "Motion to Dismiss." Although Plaintiff Burton may have misunderstood the effect of the filing of the"Waiver of Service of Summons," neither ignorance or misunderstanding of the law constitutes "excusable neglect." *See, e.g., Pettle v. Bickham*, 410 F.3d 189, 192 –93 (5th Cir. 2005); *Partee v. Metropolitan Sch. Dist.*, 954 F.2d 454, 457–58 (7th Cir. 1992). For these reasons, Burton's "Motion to Alter or Amend Judgment" [Record No. 19] lacks merit. The motion will be denied.

---

[4] In fact, the record reveals that Defendant West's counsel did not avail himself of the full sixty-day period. Instead, he filed the "Motion to Dismiss" much sooner, On December 16, 2008.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the "Motion to Alter or Amend Judgment" [Record No. 19], filed by Plaintiff Richard Burton, is **DENIED**.

This 20th day of February, 2009.



G:\DATA\ORDERS\ProSe\Burton 08-167-DLB Deny 59(e) CKS.wpd